IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERIC WARD, # 111389                                               PLAINTIFF

VS.                                                    CIVIL ACTION NO. 3:13cv1043-FKB

FRANK SHAW, SIMONE JONES, D. SMITH,
F. OVALLE, ALLEN TERHUNE, JANE DOE,
JOHN DOE, and COUNSELOR MOSS                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Ward is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in this Memorandum Opinion and Order, the Court finds that this matter should be dismissed.

I. Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in this action, was housed at East Mississippi Correctional Facility ("EMCF"). Defendants are officers and officials at EMCF at the time of the events forming the basis of the complaint, as follows: Frank Shaw, Warden; Frank Ovalle, Chief of Security; D. Smith,[2] officer; Allen Terhune, shift

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] Officer Smith is now deceased. *See* Suggestion of Death [34]. At the omnibus hearing, Plaintiff voluntarily dismissed his claims against Smith.

supervisor; and mental health Counselor Moss.[3]

Ward was given an opportunity to elaborate upon his claims at the omnibus hearing held in this matter. In sum, based on the allegations in his complaint and his testimony at the omnibus hearing, Ward alleges that while he was held in a cell at EMCF on October 10, 2012, Officer Smith used excessive force on him. [1] at 3. Plaintiff asserts that Officer Smith ordered him to turn over a razor to the officer, that Ward failed to produce a razor, and that Smith subsequently sprayed him with pepper spray through the cell's tray hole. *Id.*

According to his complaint, the altercation began when Ward was held in a temporary cell while he was admitted to EMCF after being held in another MDOC facility. *Id.* Ward alleges that, during the intake process, he became hungry and advised the intake officer that he had not eaten since his return to EMCF. *Id.* Plaintiff testified at the omnibus hearing that he spoke with Defendant Terhune about his hunger. According to his complaint, when he asked for food, an unspecified officer checked with the kitchen and learned that it was closed. *Id.* Upon hearing this news, Ward requested further assistance and threatened to cut himself with a razor if officers did not provide him with food. *Id.* Ward alleges that Defendant Officer Smith arrived on the scene and directed him to turn over the razor to officers. *Id.* Ward now asserts that he actually did not have a razor, but that he had only made the threat to cut himself in order to obtain food. *Id.* At the omnibus hearing, Ward testified that when Defendant Counselor Moss arrived at the scene of the altercation, she inspected his arms and knew that he did not have a

---

[3]Summons was returned as unexecuted as to Counselor Unknown Moss, F. Ovalle, Frank Shaw, and Allen Terhune. [25]. Nevertheless, the Court will address Plaintiff's claims against these defendants. The Court previously dismissed Ward's claims against Simone Jones as frivolous in an Order [22]. Plaintiff voluntarily dismissed his claims against Krusheta Hadley. *See* [21].

razor. He also testified that officers who responded to the incident consulted with Defendant Frank Shaw before they administered the pepper spray. After he failed to turn over a razor to Officer Smith in response to Smith's requests, Smith sprayed him with pepper spray through the cell's tray hole. [1] at 3. Ward testified at the omnibus hearing that Smith sprayed once for a duration of five to ten seconds. Ward also testified at the omnibus hearing that even though Defendant Moss knew that he was hungry, she did nothing to help him obtain food.

In addition, Ward alleges that Defendants denied him adequate medical treatment for his eyes after the application of pepper spray. *Id.* at 4. Nevertheless, he states in his complaint that after he complained to officers, they took him to the shower, they allowed him to shower for fifteen minutes, and they later took him to the showers for a second time. *Id.* His complaint also states that an officer placed a fan in front of the cell overnight, presumably to help clear pepper spray fumes from the cell. *Id.*

At the omnibus hearing, Ward testified that he was allowed to shower within thirty-five minutes of the incident. Ward also testified that he had also sued Ovalle because he denied Ward's requests for relief through the administrative remedy procedure regarding this incident.

## II. Discussion

Having reviewed Plaintiff's filings, and having considered Plaintiff's testimony at the omnibus hearing, the Court finds that Plaintiff's claims against Defendants should be dismissed for their failure to rise to the level of a constitutional violation.

A review of the relevant law will aid in the discussion of Ward's claims. For a prisoner to state an Eighth Amendment excessive force claim as a result of a guard's attempt to restore institutional order, "a prisoner (or pretrial detainee engaged in disrupting institutional security),

must show that force was applied not 'in a good faith effort to maintain or restore discipline,' but rather that the force complained of was administered 'maliciously and sadistically to cause harm.'" *Rankin v. Klevenhagen*, 5 F.3d 103, 107 (5th Cir. 1993)(quoting *Hudson v. McMillian*, 112 S.Ct. 995, 998 (1992)).  In determining whether force is applied in a "good faith effort to maintain or restore discipline" and not "maliciously and sadistically" to cause harm, the Court must consider several factors: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Id.* at 107, n.6.  The Court has found that the "degree of force exerted and the extent of physical injury inflicted that together amount to a constitutional deprivation must, of course, be determined by the facts of a given case." *Id.* (quoting *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir. 1981)).

Considering Plaintiff's testimony at the omnibus hearing, the Court finds that the force (in the form of pepper spray) was applied in a "good faith effort to maintain or restore discipline" and not not "maliciously and sadistically" to cause harm.  Moreover, at the omnibus hearing, Ward dismissed his claims against Officer Smith, the officer who administered the pepper spray.  From his own testimony, it appears that Smith administered pepper spray to Plaintiff only after he refused to comply with an order to turn over a razor with which he had threatened to cut himself.  Although Ward now alleges that his threat of a razor was a fabrication to get the attention of officers, Officer Smith reasonably took Ward's allegation at face value.  Moreover, Ward does not allege that officers used any other form of force against him, and he testified that officers timely responded to his requests for attention after the administration of pepper spray by

taking him twice to the showers so that he could rinse the spray. The facts of this case, as presented by Plaintiff, simply do not support a finding that a constitutional violation occurred.

Plaintiff's testimony also shows that he received immediate medical attention. He admits that after the incident he was taken to the showers to rinse. While he may quibble with the quality of care he received, he admits that he had access to showers not once, but twice within a few minutes of the incident. Further, although his treatment may not have been the best that money can buy, this course of treatment did not demonstrate deliberate indifference to his medical needs. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). Accordingly, Plaintiff's claim of denial of medical attention fails to rise to the level of a constitutional violation and is hereby dismissed.

The Court now turns to Plaintiff's claims against Ovalle. According to his complaint and omnibus hearing testimony, Ward admitted that Ovalle was not personally involved in the incident, and that he had sued him because he was in a position of authority over Smith. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff fails to allege that Ovalle implemented unconstitutional policies that causally resulted in his injury, and based on Ward's testimony, it is clear that Ovalle had no direct involvement in the incident, or in his subsequent care. Thus, Plaintiff has failed to allege direct involvement by Ovalle in the alleged deprivations on which this action is based. *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)( "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." ). Supervisory officials "cannot

be held liable for the actions of subordinates under any theory of vicarious liability." *Id.*

Ward's other claims against Ovalle arise from Ovalle's role in the administrative remedies process. According to Ward's testimony at the omnibus hearing, he was dissatisfied that Ovalle did not rule in his favor on his grievance related to the October 10, 2012, incident. This claim, based solely on the Ovalle's handling of a grievance in the administrative remedies process, does not rise to the level of a constitutional violation. *See Smith v. Anderson*, 2013 WL 1182995, *4 (S.D. Miss. Feb. 13, 2013). ("Plaintiff's claim that Ronald King failed to adequately investigate his grievance and grant him relief during the second step of the ARP fails to state a claim upon which relief may be granted."); *see also Dehghani v. Vogelgesang*, 226 F. App'x 494, 495 (5th Cir. 2007)(holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation). Accordingly, Plaintiff's claims against Ovalle are hereby dismissed.

### III. Conclusion

Thus, for the reasons explained above, the Court finds that Plaintiff's claims against all Defendants fail to rise to the level of a constitutional violation. Accordingly, all of Ward's claims against all Defendants are dismissed with prejudice. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 29th day of September, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE